Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Classes*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>All Reverse Mortgage, Inc., a California corporation,<br><br>Defendant. | Case No. 3:20-cv-08016-DLR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brenda Whittaker ("Plaintiff" or "Whittaker") brings this First Amended Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant All Reverse Mortgage, Inc. ("Defendant" or "ARM") to: (1) stop its practice of placing telephone calls using an automatic telephone dialing system ("ATDS") to cellular telephones of consumers nationwide without their prior express written consent, (2) stop its practice of placing text message calls using an ATDS to cellular telephones of consumers nationwide without their prior express written consent, (3) enjoin ARM from continuing to place unsolicited telemarketing telephone calls and text message calls to consumers who did not provide prior express written consent to receive them, and (4) obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her

attorneys.

## PARTIES

1. Plaintiff Brenda Whittaker is a natural person and resident of Cottonwood, Yavapai County, Arizona.

2. Defendant All Reverse Mortgage, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2019 W. Chapman Avenue, Orange, California 92868. Defendant conducts business throughout this District, the State of Arizona, and the United States.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA") because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Classes are aggregated. And none of the exceptions to CAFA applies.

4. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, made and continues to make unsolicited text message calls from this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

6. ARM is a reverse mortgage lender based in Orange, California.

7. Unfortunately for consumers, ARM casts its marketing net too wide. That is,

in an attempt to promote its business and generate leads for its financial products, Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that features unsolicited autodialed telephone calls and text message calls to consumers cellular telephones—all without any prior express written consent to make the calls and texts at issue.

8. In making the autodialed calls and text message calls at issue in this Complaint, Defendant and/or its agent utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls and texts simultaneously, without human intervention.

9. At all times material to this Complaint Defendant was and is fully aware that unsolicited telemarketing calls and text messages are being made to consumer's cellular telephones through its own efforts and that of its agents.

10. Defendant knowingly made (and continues to make) unsolicited telemarketing calls and text message calls without the prior express written consent of the recipients. In doing so, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeated violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF**

11. Plaintiff Whittaker is the owner and customary user of the cellular telephone number ending in 9679.

12. In or around August 2019, Plaintiff received an unsolicited telephone call from ARM from the telephone number (800) 565-1722. On information and belief, this call was placed using an automatic telephone dialing system.

13. Notably, ARM's website contains an "ARLO Calculator," which requests that consumer input information and agree to be contacted by ARM via an ATDS and/or prerecorded or artificial voice. Specifically, ARM asks consumers to agree to the following:

> By using ARLO™ Calculator and clicking on the "View Your FREE Report Now!" button above, you consent, acknowledge, and agree to the following: Our Terms of Use Agreement, Privacy Policy and to receive important notices and other communications. I consent to being contacted by All Reverse Mortgage® and its partners for marketing purposes at the phone number and email I provided, including through the use of automated dialing technology, prerecorded/artificial voice, email, or text messaging. I understand consent is not required to purchase and may opt-out from receiving communications at any time.

(*See* ARM website, reverse.mortgage)

14. This language further demonstrates that ARM places calls using an ATDS. However, Plaintiff has never utilized ARM's ARLO Calculator and did not consent to be called by ARM via its website.

15. Indeed, Plaintiff never consented to receive autodialed calls from ARM or any of its affiliates or agents in any fashion.

16. On or around October 9, 2019, Plaintiff, while investigating past calls from ARM, inadvertently placed two return calls to the (800) 565-1722 telephone number.

17. Immediately thereafter, Plaintiff received an unsolicited text message from ARM from the telephone number (800) 565-1722.

18. The text message stated, "Thanks for calling ARLO, America's #1 Rated Reverse Mortgage Lender for 15Yrs! Your quote is ready to view." Embedded within the text message was a link to ARM's webpage, reverse.mortgage.

19. During Plaintiff's pre-suit investigation, ARM's counsel represented that "ARM's system in some instances sends texts to callers after they reach out to ARM." This demonstrates that ARM's system places the text messages without human intervention.

20. Further, Plaintiff received all calls and text messages from the telephone number (800) 565-1722. Consequently, ARM placed all calls and text messages via the same dialing system.

21. Plaintiff does not have a relationship with ARM, has never provided her telephone number directly to ARM, and has never requested that ARM place calls or send text messages to her or offer her its services. Simply put, Plaintiff has never provided her prior express written consent to ARM to place calls or text messages to her and has no business relationship with ARM.

22. By making the unauthorized calls and text message calls as alleged herein, ARM has caused Plaintiff and the class members actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such calls and texts, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls and texts, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls and texts knowing they trespassed against and interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, and hardware components.

23. To redress these injuries, Plaintiff, on behalf of herself and the Classes of similarly situated individuals, brings suit under the TCPA, which prohibits unsolicited voice and text calls to cellular telephones. On behalf of the Classes, Plaintiff seeks an injunction requiring ARM to cease all unauthorized autodialed calling and text-messaging

activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**CLASS ALLEGATIONS**

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed Call Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant (or a third person acting on behalf of Defendant) placed at least one call; (3) to the person's cellular telephone number; and (4) for the purpose of promoting Defendant's products or services; (5) using the same dialing equipment that was used to place calls to Plaintiff; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.

> **Autodialed Text Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant (or a third person acting on behalf of Defendant) placed at least one text message call; (3) to the person's cellular telephone number; and (4) for the purpose of promoting Defendant's products or services; (5) using the same dialing equipment that was used to place the text message call to Plaintiff; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to place text message calls to the Plaintiff.

25. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the

class definitions following appropriate discovery.

26. **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent autodialed calls and text messages to thousands of consumers who fall into the definition of the Classes. Class members can be easily identified through Defendant's records.

27. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

28. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

a. Whether Defendant's conduct constitutes a violation of the TCPA;

b. Whether Defendant utilized an automatic telephone dialing system to place telephone calls to Plaintiff and the members of the Autodialed Call Class;

c. Whether Defendant utilized an automatic telephone dialing

system to send text messages to Plaintiff and members of the Autodialed Text Class;

d. Whether Defendant obtained prior express written consent to contact any class members; and

e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

30. **Superiority & Manageability**: This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

31. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render final injunctive relief and

corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Autodialed Call Class)**

32. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

33. Defendant (or a third person acting on behalf of Defendant) made unsolicited and unwanted autodialed telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Call Class, without their prior express written consent in an effort to generate leads for Defendant's financial products and services.

34. Defendant failed to obtain any prior express written consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

35. Further, Defendant placed the calls using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

36. The telephone dialing equipment utilized by Defendant (or a third person acting on behalf of Defendant), which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an

automatic and systematic manner.

37. Based on such conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

38. As a result of such conduct, Plaintiff and the other members of the Autodialed Call Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

39. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Call Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Autodialed Text Class)**

40. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

41. Defendant (or a third person acting on behalf of Defendant) made unsolicited and unwanted autodialed text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Text Class, without their prior express written consent in an effort to generate leads for Defendant's financial products and services.

42. Further, Defendant placed the text message calls using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

43. The telephone dialing equipment utilized by Defendant (or a third person acting on behalf of Defendant), which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.

44. Here, Defendant's system was programed to automatically send text message to consumers in response to any phone call absent any prior express written consent.

45. Further, these text messages were made *en masse* and without the prior express written consent of the Plaintiff and the other members of the Autodialed Text Class to receive such wireless spam.

46. By sending the unsolicited text message calls to Plaintiff and members of the Autodialed Text Class's cellular telephones without prior express written consent, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

47. As a result of such conduct, Plaintiff and the other members of the Autodialed Text Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

48. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Text Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brenda Whittaker, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Brenda Whittaker as the representative of the Classes, and appointing her counsel as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate TCPA;

D. A declaratory judgment that Defendant's telephone calling equipment

constitutes an automatic telephone dialing system under the TCPA;

E. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

F. An injunction requiring Defendant to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Classes;

G. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

H. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 3, 2020

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: /s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice admission to be sought*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on March 3, 2020.

/s/ Patrick H. Peluso