Ryan D. Watstein (*admitted pro hac vice*)
Florida Bar No. 93945
rwatstein@kcozlaw.com
Adamson B. Starr (*admitted pro hac vice*)
Georgia Bar No. 212325
astarr@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
171 17th Street, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

*Attorneys for Defendant All Reverse Mortgage, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**(Prescott Division)**

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>All Reverse Mortgage, Inc.,<br><br>Defendant. | Case No. 3:20-cv-08016-DLR<br><br>**Defendant All Reverse Mortgage, Inc.'s Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint** |

  Defendant All Reverse Mortgage, Inc. ("ARM" or "Defendant") answers the Class Action Complaint (Dkt. 1) filed by Plaintiff Brenda Whittaker ("Plaintiff") as follows:

  ARM admits that Plaintiff, in her unnumbered first paragraph, purports to bring this action on behalf of herself and all others similarly situated as alleged members of the classes described in paragraphs 24 and 25. Except as expressly admitted here, ARM denies the remaining allegations of this paragraph.

1

# PARTIES[1]

1. ARM does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2. ARM admits that it is a California corporation registered to do business in Arizona. Except as expressly admitted here, ARM denies the remaining allegations in this paragraph.

# JURISDICTION AND VENUE

3. The jurisdictional allegations in paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, ARM denies that this Court has subject matter jurisdiction over this action, and further denies this matter is suitable for class treatment.

4. The jurisdictional allegations in paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, ARM denies the allegations in paragraph 4, including that it engaged in any tortious conduct, that it made the call and text messages at issue in this lawsuit, and that this Court has personal jurisdiction over ARM.

5. The jurisdictional allegations in paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, ARM denies the allegations in this paragraph, including that it engaged in any tortious conduct and that venue is proper.

# COMMON FACTUAL ALLEGATIONS

6. ARM admits the allegations in paragraph 6.

7. ARM denies the allegations in paragraph 7.

---

[1] For the Court's convenience, ARM has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. However, ARM does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted here; nor does ARM waive any right to object to those characterizations.

2

1      8.    ARM denies the allegations in paragraph 8.

2      9.    ARM denies the allegations in paragraph 9.

3      10.    ARM denies the allegations in paragraph 10.

**FACTS SPECIFIC TO PLAINTIFF**

11. ARM does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. ARM denies the allegations in paragraph 12.

13. ARM admits that the allegations in paragraph 13 refer to a website, which speaks for itself. ARM denies the remaining allegations in paragraph 13 and explicitly denies any wrongdoing.

14. ARM denies the allegations in paragraph 14.

15. ARM does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16. ARM does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. ARM does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. ARM does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. ARM denies the allegations in paragraph 19.

20. ARM denies the allegations in paragraph 20.

21. ARM does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. ARM denies the allegations in paragraph 22.

23. ARM admits that Plaintiff purports to bring this action on behalf of herself and all others similarly situated as alleged members of the classes described in paragraphs 24 and 25. Except as expressly admitted here, ARM denies the remaining allegations of paragraph 23.

## CLASS ALLEGATIONS

24. ARM admits only that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as alleged members of the classes described in paragraphs 24 and 25.  ARM denies all allegations except those expressly admitted here.

25. ARM admits only that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as alleged members of the classes described in paragraphs 24 and 25.  ARM denies all allegations except those expressly admitted here.

26. ARM denies the allegations in paragraph 26.

27. ARM denies the allegations in paragraph 27.

28. ARM does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29. ARM denies the allegations in paragraph 29, including its subparts a through e.

30. ARM denies the allegations in paragraph 30.

31. ARM denies the allegations in paragraph 31.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Autodialed Call Class)**

32. ARM incorporates its responses to the preceding paragraphs.

33. ARM denies the allegations in paragraph 33.

34. ARM denies the allegations in paragraph 34.

35. ARM denies the allegations in paragraph 35.

36. ARM denies the allegations in paragraph 36.

37. ARM denies the allegations in paragraph 37.

38. ARM denies the allegations in paragraph 38.

39. ARM denies the allegations in Paragraph 39.

4

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Autodialed Text Class)**

40. ARM incorporates its responses to the preceding paragraphs.

41. ARM denies the allegations in paragraph 41.

42. ARM denies the allegations in paragraph 42.

43. ARM denies the allegations in paragraph 43.

44. ARM denies the allegations in paragraph 44.

45. ARM denies the allegations in paragraph 45.

46. ARM denies the allegations in paragraph 46.

47. ARM denies the allegations in paragraph 47.

48. ARM denies the allegations in paragraph 48.

## PRAYER FOR RELIEF

ARM denies the allegations in Plaintiff's WHEREFORE clause immediately following paragraph 48, including each and every allegation in subparagraphs A through H, and specifically denies that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

## GENERAL DENIAL

ARM denies all allegations set forth in the Complaint that it does not specifically admit here.

## AFFIRMATIVE DEFENSES

ARM asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, ARM does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

5

The Complaint fails to allege facts sufficient to state a cause of action against ARM. For example, Plaintiff failed to show that any calls or messages she allegedly received were those for "which the called party is charged" as required by the TCPA, and they fail to set forth facts supporting their allegations that an ATDS was used to place the calls and messages at issue.

### SECOND AFFIRMATIVE DEFENSE
### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting their claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving the Court of jurisdiction over Plaintiff's claims, and rendering venue in this Court improper.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction and Improper Venue)

Plaintiff and the putative class members are barred from asserting claims in this jurisdiction because this Court lacks personal jurisdiction over ARM and because venue is improper in this Court (including under *Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*, 137 S. Ct. 1773 (2017)).

### FOURTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls and messages at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

### FIFTH AFFIRMATIVE DEFENSE
### (No Use of an "Automatic Telephone Dialing System")

The TCPA claims are barred because ARM did not use an "automatic telephone dialing system" as defined in the TCPA. Indeed, ARM did not use a telephone dialing

6

system with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1).

## SIXTH AFFIRMATIVE DEFENSE

**(Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)**

Plaintiff is barred from asserting her claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against ARM to the extent she or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

**(No Knowing or Willful Misconduct)**

Any claim for treble damages is barred because ARM did not engage in knowing or willful misconduct. For example, ARM does not knowingly or willfully employ an automatic telephone dialing system and only sends messages to numbers of persons who consent to such messages.

## TENTH AFFIRMATIVE DEFENSE

**(No Proximate Cause)**

ARM did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third-parties (such as vendors, Plaintiff, or other persons who provided the numbers on which Plaintiff was

7

allegedly called) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against ARM because any harm allegedly caused by messages at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by ARM, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

### TWELFTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which ARM cannot be held vicarious liable. Further, ARM did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it. For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the Complaint complains, vendors acted outside the scope of the parties' agreement and ARM did not approve of that conduct. As such, ARM cannot be held vicariously liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

8

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on ARM, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (No "Call")

ARM did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227 (b)(1)(A).

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Charge)

Plaintiff was not "charged for the call" with respect to the messages at issue in this lawsuit, as that term is used in the TCPA.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude ARM from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Laws)

ARM is not liable to Plaintiff because ARM acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reasonable Practices)

Any and all claims brought in the Complaint are barred in whole or in part because ARM has established and implemented reasonable practices and procedures to prevent violations of the TCPA, and related regulations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith)

Any and claims brought in the Complaint are barred because ARM possessed a good faith belief that it had consent to message the numbers at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Join Party or Name Proper Defendant)

Any and claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.  Further, ARM gives notice that in the event that this Court certifies a class, which ARM denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

ARM has not knowingly or intentionally waived any applicable defenses, and gives notice that it intends to rely on such other and further affirmative defenses as may become

available during discovery in this action.  ARM reserves the right to amend its Answer to assert any such defense.

### Prayer for Relief

WHEREFORE, ARM prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Defendant costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

DATED:  March 17, 2020.　　　　　　**KABAT CHAPMAN & OZMER LLP**

　　　　　　　　　　　　　　　　　　*/s/ Adamson B. Starr*
　　　　　　　　　　　　　　　　　　Adamson B. Starr (*admitted pro hac vice*)

　　　　　　　　　　　　　　　　　　*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that today I filed **Defendant All Reverse Mortgage, Inc.'s Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint** with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record in this action:

| | |
|---|---|
| Penny K. Koepke<br>Maxwell & Morgan, P.C.<br>4854 E. Baseline Road, Suite 104<br>Mesa, Arizona 85206<br>(480) 833-1001<br>pkoepke@holaw.biz | Patrick H. Peluso<br>Taylor T. Smith<br>Woodrow & Peluso, LLC<br>3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>(720) 213-0675<br>ppeluso@woodrowpeluso.com<br>tsmith@woodrowpeluso.com |

DATED:  March 17, 2020.            */s/ Adamson B. Starr*
                                                        Adamson B. Starr

                                                        *Counsel for Defendant*