# Exhibit D

1  Ryan D. Watstein (*pro hac vice*)
   rwatstein@kcozlaw.com
2  **KABAT CHAPMAN & OZMER LLP**
   171 17th Street, Suite 1550
3  Atlanta, Georgia 30363
   Telephone: (404) 400-7300
4  Facsimile: (404) 400-7333

5
   *Counsel for Defendant*
6  *All Reverse Mortgage, Inc.*

7

8                    **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF ARIZONA**
9                          **(Prescott Division)**

10 Brenda Whittaker, individually and on        Case No: 3:20-cv-08016-DLR
   behalf of all others similarly situated,
11                                               **DECLARATION OF LAURE FISHER**
                                                 **IN SUPPORT OF DEFENDANT ALL**
12              Plaintiff,                        **REVERSE MORTGAGE, INC.'S**
                                                 **REPLY TO RESPONSE TO MOTION**
13 v.                                            **TO STAY PROCEEDINGS**

14 All Reverse Mortgage, Inc.,
                                                 Hon. Douglas L. Rayes
15              Defendant.
                                                 Complaint filed: January 16, 2020
16                                               Complaint served: January 23, 2020
                                                 FAC filed: March 3, 2020
17

18

19

20

21

22

23

24

25

26

27

28

                                                 DECLARATION OF LAURE FISHER

1   I, LAURE FISHER, declare as follows:

2       1.   I am over the age of 18 and am competent to make this declaration.

3       2.   I am Co-Founder and COO of CallTrackingMetrics ("CTM"), which, among

4   other things, provides its customers a digital calling platform (the "CTM Platform").  In that

5   capacity, I perform various job duties that support the operations of CTM.  As part of my

6   duties as Co-Founder and COO, I am required to understand and do understand the

7   functionalities of the CTM Platform, including with respect to record retention.

8       3.   The information contained herein is based on my personal knowledge along

9   with my review of the business records generated and maintained by CTM.  These business

10  records include reports and records of acts, events, and transactions, made and maintained in

11  the ordinary course of business at or near the time of the act, event, or transaction by (or

12  from information transmitted by) someone with knowledge.  If called as a witness, I could

13  and would testify competently to the matters discussed herein.

14      4.   To assist in compliance with data privacy regulations such as HIPAA, GDPR,

15  CCPA, PCI or PIPEDA, the CTM Platform contains certain preprogrammed record-

16  retention settings that allow for the automatic "redaction" of customer data after a maximum

17  of 90 days, though shorter redaction periods are available.  Redaction removes personal

18  information from records of calls, texts, live chats, and forms in a customer's account.

19      5.   Redacted data can never be recovered once it has been removed from an

20  interaction.  This specifically includes names, telephone numbers, call audio, and text

21  transcriptions associated with all calls and text messages placed with the CTM Platform.

22      6.   All Reverse Mortgage, Inc. ("ARM") is a customer of CTM.

23      7.   I understand that Plaintiff Brenda Whittaker served the instant lawsuit against

24  ARM on January 23, 2020.

25      8.   Prior to service of the instant lawsuit, ARM's account settings reflected an

26  automatic 90-day redaction period for calls and text messages.

27      9.   Because of this automatic redaction period, CTM lacks records identifying the

28  names and telephone numbers of individuals who received calls or text messages from

1  ARM via the CTM platform during the four-year period referenced in Ms. Whittaker's

2  complaint and would state as much if served with a subpoena seeking such records and

3  information.  CTM lacked such information before Ms. Whittaker served the instant lawsuit

4  on January 23, 2020.

5       10.    That said, after Ms. Whittaker filed and served the instant lawsuit, ARM

6  notified CTM of the pending litigation and requested that it preserve all records and

7  information that exists that could potentially be relevant to Ms. Whittaker's claims.  CTM is

8  currently preserving such records and information in accordance with its legal obligations.

9       11.    CTM has also overridden the 90-day redaction period on ARM's account.

10       12.    Given the above, all records in CTM's possession, custody, and control that

11  existed as of the date of the lawsuit are currently being preserved.

12       I declare under penalty of perjury that the foregoing is true and correct under the

13  laws of the United States of America.

14       Executed on May 26, 2020 in Severna Park, Maryland.

15

16

17       Laure Fisher

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LAURE FISHER