**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker,<br><br>        Plaintiff,<br><br>v.<br><br>All Reverse Mortgage Incorporated,<br><br>        Defendant. | No. CV-20-08016-PCT-DLR<br><br>**ORDER** |

      Before the Court is Defendant's motion to stay pending the United States Supreme Court's decision in *Barr v. AAPC*, 140 S.Ct. 812 (Jan. 10, 2020), which is fully briefed. (Docs. 19, 20, 22.)  Plaintiff opposes a stay, arguing that the Supreme Court's imminent decision in *AAPC* is irrelevant to the merits of the instant case and that the stay balancing test militates against a stay.  The Court has "broad discretion to stay proceedings as an incident to its power to control its docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  In determining whether to grant a stay, the Court balances the (1) harm a stay would cause the non-moving party, (2) the harm the moving party would suffer in the absence of a stay, and (3) interests of judicial economy. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  The Court in its discretion concludes that a stay is appropriate for the following reasons.

      Plaintiff's putative class action against Defendant stems from Defendant's alleged violations of the Telephone Consumer Protect Act's ("TCPA") automated-call ban by

placing calls and sending text messages with an automatic telephone dialing system to Plaintiff and to-be-determined class members without their consent. The Supreme Court held telephonic oral argument on May 6, 2020 in *AAPC* and will likely release its decision by mid-June. In *AAPC*, the Supreme Court grapples with not only issues concerning the TCPA's government debt exception—not at issue here—but also the constitutionality of the TCPA's general underlying automated-call restriction and whether the entire statute should be invalidated if severance of the government debt exception is inappropriate. (Doc. 22-1 at 6-11.) Thus, the Supreme Court's decision in *AAPC*, although not doubtlessly outcome determinative, might dispose of the lawsuit, narrow Plaintiff's class, or at least provide relevant guidance to the Court. *See Nakai v. Charter Commc'n, Inc.*, No. CV 19-8035-GW-SSx, 2020 WL 1908949, at * 6 (C. D. Cal. Apr. 15, 2020).

Next, on balance, the three discretionary stay factors favor a stay. First, a stay that will probably endure less than one month is unlikely to cause more than negligible harm to Plaintiff. Plaintiff asserts that she will lose access to evidence if a stay is implemented because Defendant's telecom vendor, CallTrackingMetrics ("CTM"), has a default retention policy of 90 days and thereafter purges records. However, CTM confirmed that it has overridden its default retention policy and will preserve all relevant records. (Doc. 22 at 9.) In addition, Plaintiff's assertions of ongoing or future harm are too speculative and conclusory to be persuasive, especially since Plaintiff has not indicated that she has received allegedly violative communications from Defendant since October of 2019. Allegations regarding ongoing harm to potential class members are similarly unpersuasive because no class has been certified. In contrast, without a stay, Defendant will be required to expend its limited resources litigating a costly class action that might be foreclosed or limited by *AAPC*. In the same vein, because the decision in *AAPC* might limit the scope of discovery, considerations of judicial economy weigh in favor of a stay, which will enable the Court to preserve resources rather than expend them litigating issues that may be mooted shortly thereafter. Accordingly,

**IT IS ORDERED** that this case is **STAYED** pending the Supreme Court's decision

in *AAPC*. The parties are directed to jointly notify the Court in writing of the Supreme Court's decision within 4 days of its issuance.

**IT IS FURTHER ORDERED** vacating the Rule 16 Scheduling Conference set for June 26, 2020 at 4:30 p.m.

Dated this 29th day of May, 2020.

Douglas L. Rayes
United States District Judge