IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>All Reverse Mortgage Incorporated,<br><br>　　　　　　Defendant. | No. CV-20-08016-PCT-DLR<br><br>**ORDER** |

　　　　On May 29, 2020, the Court stayed this case pending the Supreme Court's decision in *Barr v. AAPC*, 140 S.Ct. 812 (Jan. 10, 2020) ("*AAPC*"). (Doc. 23.) The Court directed the parties to file a joint status report once the Supreme Court issued its decision so that the Court could timely vacate the stay. (*Id*.) On July 6, 2020, the Supreme Court issued its decision in *AAPC*, and the parties soon filed their status report. (Docs. 25; 25-1.)

　　　　In the joint status report, Defendant requests that the Court extend the stay because the Supreme Court granted certiorari in yet another Telephone Consumer Protection Act ("TCPA") appeal, *Facebook, Inc. v. Duguid*, No. 19-511 (Jan. 9, 2020) ("*Facebook*") on July 9, 2020. In determining whether to grant a stay, the Court balances the (1) harm a stay would cause the non-moving party, (2) the harm the moving party would suffer in the absence of a stay, and (3) interests of judicial economy. *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1109 (9th Cir. 2005). On balance, the three discretionary stay factors disfavor a stay.

　　　　Plaintiff filed her case on January 16, 2020, yet the Supreme Court conceivably could release its decision in *Facebook* as late as July 2021. Were the Court to extend the

stay until such date, this case will have sat for approximately one-and-a-half years without so much as a scheduling conference. The Court already stayed the case once and is not inclined to do so again without a strong showing of *Facebook*'s potential to impact the instant case.

Defendant, however, does not dispute that, regardless of the results in *Facebook*—which focuses only on the definition of automatic telephone dialing system ("ATDS")—it will be required to engage in discovery. As the parties explain, the result in *Facebook* is likely to determine whether Defendant's systems constituted ATDS. However, assuming the Court were to stay the case, once the Supreme Court releases its decision defining ATDS, Plaintiff still would be entitled to conduct discovery into Defendant's systems to determine whether those systems met the ATDS definition. In fact, Defendant has not pointed to a single discovery issue that would be eliminated by a *Facebook* decision favorable to it and has not alleged that it will suffer distinct harm apart from being required to conduct discovery as a small business during a pandemic—circumstances that unfortunately exist for many as of late. Because discovery issues are not likely to be mooted and resources are not likely to be spared, considerations of judicial economy do not favor a stay. Accordingly,

**IT IS ORDERED** that the stay in this case is **VACATED**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Telephonic Rule 16 Scheduling Conference is set for **September 2, 2020 at 9:30 a.m.** The parties shall jointly file the Rule 26(f) Report re Mandatory Initial Discovery) not less than 7 days before the Scheduling Conference. Call in information will be sent by subsequent email.

Dated this 17th day of July, 2020.

Douglas L. Rayes
United States District Judge