Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
Matthew A. Keilson (*pro hac vice*)
mkeilson@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
171 17th Street, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

*Counsel for Defendant,*
*All Reverse Mortgage, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
### (Prescott Division)

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>All Reverse Mortgage, Inc.,<br><br>Defendant. | Case No: 3:20-cv-08016-DLR<br><br>**DEFENDANT ALL REVERSE MORTGAGE, INC.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hon. Douglas L. Rayes<br><br>Complaint filed: January 16, 2020<br>FAC filed: March 3, 2020 |

Defendant All Reverse Mortgage, Inc. ("ARM") hereby requests leave to file the attached response to Plaintiff's notice of supplemental authority in opposition to ARM's motion for judgment on the pleadings (Doc. 45). Plaintiff's notice directs the Court to an order denying a motion to dismiss in *Abramson v. Federal Insurance Company*, No. 8:19-cv-02524, 2020 WL 7318953 (M.D. Fla. Dec. 11, 2020). ARM seeks leave to respond to this notice for two reasons.

*First*, the notice itself contains a false statement. Plaintiff states in the notice that the *Abramson* ruling is "in line with the vast majority of courts to consider [the subject matter jurisdiction] issue[.]" However, as detailed in the enclosed response, prior to *Abramson*, the only three courts to consider this issue determined (correctly) that the speech restriction at issue here was unconstitutional—and thus unenforceable—during the period of time it illegally discriminated on the basis of content.

*Second*, as Plaintiff fails to point out, the *Abramson* ruling itself is a house of cards. It contains no independent reasoning of its own and instead "adopts" reasoning of other courts that supposedly considered this issue. However, none of the decisions that *Abramson* cites even touched on the relevant jurisdictional question: whether a court can enforce a speech restriction during the time it was unconstitutional. Neither *Abramson*, nor the cases on which it purportedly relies, address that question. Notably, *Abramson* was decided without the benefit of a reply brief, which would presumably have informed the court that the cases incorrectly cited by the plaintiff there did not actually address the question presented in *Abramson*.

ARM respectfully requests the opportunity to briefly expound on the points discussed above and to further explain why *Abramson* does not alter the conclusion that this Court lacks subject matter over Plaintiff's lawsuit, premised entirely on the automated-call ban.

Dated: December 14, 2020                **KABAT CHAPMAN & OZMER LLP**

By: /s/ *Ryan D. Watstein*

-1-

-2-

Ryan D. Watstein
*Counsel for Defendant, All Reverse Mortgage, Inc.*

**CERTIFICATE OF SERVICE**

I certify that today I filed Defendant All Reverse Mortgage, Inc.'s **Motion for Leave to File Response to Plaintiff's Notice of Supplemental Authority in Opposition to Motion for Judgment on the Pleadings** with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record in this action:

| | |
|---|---|
| Penny K. Koepke<br>Maxwell & Morgan, P.C.<br>4854 E. Baseline Road, Suite 104<br>Mesa, Arizona 85206<br>(480) 833-1001<br>pkoepke@holaw.biz | Patrick H. Peluso<br>Taylor T. Smith<br>Woodrow & Peluso, LLC<br>3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>(720) 213-0675<br>ppeluso@woodrowpeluso.com<br>tsmith@woodrowpeluso.com |

DATED:  December 14, 2020          /s/ Ryan D. Watstein

                                                              Ryan D. Watstein


                                                              *Counsel for Defendant*