# Exhibit A

Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
Matthew A. Keilson (*pro hac vice*)
mkeilson@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
171 17th Street, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

*Counsel for Defendant,*
*All Reverse Mortgage, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
### (Prescott Division)

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>All Reverse Mortgage, Inc.,<br><br>Defendant. | Case No: 3:20-cv-08016-DLR<br><br>**DEFENDANT ALL REVERSE MORTGAGE, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hon. Douglas L. Rayes<br><br>Complaint filed: January 16, 2020<br>FAC filed: March 3, 2020 |

Defendant All Reverse Mortgage, Inc. ("ARM") hereby responds to Plaintiff's notice of supplemental authority in opposition to ARM's motion for judgment on the pleadings (Doc. 45). Plaintiff's notice directs the Court to an order denying a motion to dismiss in *Abramson v. Federal Insurance Company*, No. 8:19-cv-02524, 2020 WL 7318953 (M.D. Fla. Dec. 11, 2020). The notice itself contains a false statement and the decision it cites is legally flawed.

*First*, the notice contains a false statement. Plaintiff states *Abramson* is "in line with the vast majority of courts to consider [the subject matter jurisdiction] issue[.]" This statement is demonstrably false. In reality, before last week, only two other courts had considered the subject matter jurisdiction issue. *See Creasy v. Charter Comms., Inc.*, --- F.3d ----, No. 2:20-CV-01199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020); *Lindenbaum v. Realgy, LLC*, --- F.3d ----, No. 1:19 CV 2862, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020). Both agreed with ARM's argument, following logic, precedent, and First Amendment principles, that the speech restriction at issue here was unconstitutional—and thus unenforceable—during the period of time it illegally discriminated on the basis of content.

On December 11, 2020, two additional district court decisions came down, addressing this issue: *Abramson* and *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., et al.*, 5:20-cv-00038-JSM-PR, Dkt. 74 (M.D. Fla. Dec. 11, 2020). As detailed in ARM's notice of supplemental authority (Doc. 44), *Hussain* agreed with *Creasy* and *Lindenbaum* that federal courts lack jurisdiction to enforce an unconstitutional statute. *Abramson*, the outlier, did not. The opinion, however, is critically flawed: it relies on no reasoning of its own and refers solely to reasoning in other opinions ***that does not exist***. Accordingly, Plaintiff's statement that *Abramson* follows the "majority" of courts is demonstrably false.

*Second*, Plaintiff neglects to mention that *Abramson* contains no independent reasoning of its own and instead "adopts" reasoning of other courts that supposedly considered this issue. *See* 2020 WL 7318953, at *2 ("The Court finds these decisions persuasive and adopts their reasoning and analysis."). But ***none*** of the decisions *Abramson*

-1-

cites even touched on the relevant jurisdictional question raised in *Abramson* or by ARM in this case: whether a court can enforce a speech restriction during the time it was unconstitutional.  In fact, several of those cases did not even involve adversarial briefing at all, as they addressed <u>motions for default judgment</u> or other motions totally unrelated to the argument ARM makes, here.  *See Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230, 2020 WL 6135181, at *4-7 (D. Ariz. Oct. 19, 2020) (addressing unopposed <u>motion for default judgment</u> under TCPA); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1-2 (D. Neb. Aug. 5, 2020) (same); *Lacy v. Comcast Cable Communications, LLC*, No. 3:19-cv-05007, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020) (addressing <u>motion to stay</u> TCPA case with no discussion of jurisdiction); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020) (same); *Buchanan v. Sullivan*, No. 8:20-CV-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020) (denying motion to dismiss where defendant asserted lack of subject matter jurisdiction but "advance[d] no argument to support this claim").

These cases—and by extension, *Abramson*, which mistakenly relies on them—have absolutely nothing to say regarding the question of whether federal courts lack subject matter jurisdiction to enforce a statute at the time it was unconstitutional because they were not briefed on this question and, therefore, did not address it.  Simply put, "[c]onstitutional rights are not defined by inferences from opinions which did not address the question at issue." *Texas v. Cobb*, 532 U.S. 162, 169 (2001) (citing *Hagans v. Lavine*, 415 U.S. 528, 535, n. 5 (1974) ("[W]hen questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us")); *see also Phelps v. Wyeth, Inc.*, 938 F. Supp. 2d 1055, 1062 (D. Or. 2013) ("[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents") (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)).  Indeed, as ARM has pointed out, the ***only*** courts to ever specifically address the question posed here and offer

their own independent reasoning have all come to the same (correct) conclusion: the discriminatory speech restriction is unenforceable prior to the Supreme Court's severance of the statute in *AAPC*. *See Creasy*, 2020 WL 5761117, at *2 ("**confronted with a genuine issue of first impression** . . . the Court concludes . . . the government-debt exception rendered §227(b)(1)(A)(iii) an unconstitutional content-based restriction on speech") (emphasis added); *Lindenbaum*, 2020 WL 6361915, at *7; *Hussain*, at *6 ("The 2015 amendment, adding the government-debt exception, changed an otherwise valid statute to an unconstitutional content-based restriction . . . Thus, at the time Defendants engaged in the speech at issue in this case, Defendants were subject to an unconstitutional content-based restriction.").

Notably, *Abramson* was decided without the benefit of a reply brief, which would presumably have informed the court that the cases incorrectly cited by the plaintiff there did not actually address the question presented in *Abramson*.

For the foregoing reasons, the Court should entirely disregard the non-existent reasoning of *Abramson* and follow the constitutionally-sound opinions issued in *Creasy*, *Lindenbaum*, and *Hussain*, the former two of which were selected for publication.

Dated:  December 14, 2020    **KABAT CHAPMAN & OZMER LLP**

By: /s/ *Ryan D. Watstein*

Ryan D. Watstein

*Counsel for Defendant, All Reverse Mortgage, Inc.*

# CERTIFICATE OF SERVICE

I certify that today I filed Defendant All Reverse Mortgage, Inc.'s **Response to Plaintiff's Notice of Supplemental Authority in Opposition to Motion for Judgment on the Pleadings** with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record in this action:

| | |
|---|---|
| Penny K. Koepke<br>Maxwell & Morgan, P.C.<br>4854 E. Baseline Road, Suite 104<br>Mesa, Arizona 85206<br>(480) 833-1001<br>pkoepke@holaw.biz | Patrick H. Peluso<br>Taylor T. Smith<br>Woodrow & Peluso, LLC<br>3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>(720) 213-0675<br>ppeluso@woodrowpeluso.com<br>tsmith@woodrowpeluso.com |

DATED:  December 14, 2020          */s/ Ryan D. Watstein*

                                    Ryan D. Watstein


                                    *Counsel for Defendant*