Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
Matthew A. Keilson (*pro hac vice*)
mkeilson@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
171 17th Street, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

*Counsel for Defendant,*
*All Reverse Mortgage, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
### (Prescott Division)

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>All Reverse Mortgage, Inc.,<br><br>Defendant. | Case No: 3:20-cv-08016-DLR<br><br>**DEFENDANT ALL REVERSE MORTGAGE, INC.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>(***Trujillo v. Free Energy Savings Company, LLC***)<br><br>Hon. Douglas L. Rayes<br><br>Complaint filed: January 16, 2020<br>FAC filed: March 3, 2020 |

1  Defendant All Reverse Mortgage, Inc. ("ARM") hereby requests leave to file the attached response to Plaintiff's notice of supplemental authority in opposition to ARM's motion for judgment on the pleadings (Doc. 52). Plaintiff's notice directs the Court to an order denying a motion for judgment on the pleadings in *Trujillo v. Free Energy Savings Company, LLC*, No. 5:19-cv-02072, Doc. 76 (C.D. Cal. Dec. 21, 2020). For the reasons set forth below and in the attached response, *Trujillo* is legally flawed, creates more constitutional problems than it purports to solve, and should not be followed. Rather, this Court should follow the published, constitutionally sound opinions of three separate courts in *Creasy v. Charter Comms., Inc.*, --- F.3d ----, 2020 WL 5761117 (E.D. La. Sept. 28, 2020), *Lindenbaum v. Realgy, LLC*, --- F.3d ----, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020), and *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, JSM-PR, --- F.3d ----, 2020 WL 7346536 (M.D. Fla. Dec. 11, 2020).

In *Trujillo*, the court denied the defendant's motion for judgment on the pleadings for lack of subject matter jurisdiction for pre-*AAPC* violations of the TCPA's automated-call ban (47 U.S.C. § 227(b)(1)(A)(iii)), which is the same motion ARM brought in this case. However, the legal bases of the court's decision are demonstrably erroneous. The court first reasoned that *AAPC* only invalidated the government debt exception, but not the discriminatory speech restriction. This holding is fundamentally at odds with the text of *AAPC*, the text and logic of the First Amendment, and binding Supreme Court precedent. The court then noted its conclusion was consistent with what several other courts have ruled on the same subject—but in reality, other than *Abramson* and *Shen*, which ARM addressed in earlier responses to notices of supplemental authority (Doc. 46; Doc. 50), **none** of those decisions addressed the question at issue, here.

*Trujillo* also carries its erroneous reasoning to the illogical and constitutionally impossible conclusion that the government debt exception was void *ab initio*, meaning that it was a "'nullity' and 'void' when enacted, and for that reason ha[d] no effect on the original statute." *Trujillo*, No. 5:19-cv-02072, Doc. 76, at *6. Under this conclusion, government

1  debt collectors—which were shielded from liability by the 2015 by amendment that *AAPC*
2  allegedly declared void—can now be sued for violations of the automated-call ban, even
3  though there was a law passed by Congress saying they could not be.  That is the only possible
4  result if the exception was void *ab initio* as *Trujillo* contends.  But this premise—that,
5  because the exception was void from the outset, even government debt collectors may be
6  sued for calls between 2015 and 2020—cannot hold; the Constitution forbids someone from
7  being sued for conduct explicitly permitted by Congress at the time it occurred.  Binding
8  Supreme Court authority, discussed in the attached, mandates this conclusion, under both the
9  Ex Post Facto Clause and the Due Process Clause.  Even *Trujillo* itself acknowledges this
10 problem, but failed to fully analyze the issue.  No. 5:19-cv-02072, Doc. 76 at 7 ("The Court
11 acknowledges that [this] framework possibly could present due process implications . . .").

12      ARM respectfully requests the opportunity to briefly expound on the points discussed
13 above and to further explain why *Trujillo* does not alter the conclusion that this Court lacks
14 subject matter jurisdiction over Plaintiff's lawsuit, premised entirely on the automated-call
15 ban.

17 Dated:  December 31, 2020      **KABAT CHAPMAN & OZMER LLP**
18      By: /s/ *Ryan D. Watstein*
19      Ryan D. Watstein

21      *Counsel for Defendant, All Reverse Mortgage, Inc.*

## CERTIFICATE OF SERVICE

I certify that today I filed Defendant All Reverse Mortgage, Inc.'s **MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY (*Trujillo v. Free Energy Savings Company, LLC*)** with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record in this action:

| | |
|---|---|
| Penny K. Koepke<br>Maxwell & Morgan, P.C.<br>4854 E. Baseline Road, Suite 104<br>Mesa, Arizona 85206<br>(480) 833-1001<br>pkoepke@holaw.biz | Patrick H. Peluso<br>Taylor T. Smith<br>Woodrow & Peluso, LLC<br>3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>(720) 213-0675<br>ppeluso@woodrowpeluso.com<br>tsmith@woodrowpeluso.com |

DATED:  December 31, 2020          */s/ Ryan D. Watstein*
                                   Ryan D. Watstein

                                   *Counsel for Defendant,*
                                   *All Reverse Mortgage, Inc.*